IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRYAN ANDREW LEWIS                                                                                    PLAINTIFF

v.                                        Civil No. 6:23-CV-06060-SOH-BAB

JAIL ADMINISTRATOR FRED PHILLIPS                                                         DEFENDANTS
and SHERIFF SCOTT FINKBINOR

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 15, 2023. (ECF No. 1). Plaintiff indicates he is a pre-trial detainee in the Hot Spring County Jail. (*Id*. at 2). He alleges his federal constitutional rights were violated at the facility due to the conditions of confinement. (*Id*. at 4). Specifically, he alleges "the facility is dirty, mold, dust spiders, roaches and the walls got booboo on it and the air vents got clumps of dander were u cant breath and its affecting my health and wellness." (*Id*.). He further alleges he could not sleep because the conditions "messed" with his allergies and gave him headaches. (*Id*. at 5). He also alleges the conditions caused "real bad" itching, affected his

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

eyesight, and gave him skin irritation. (*Id.*). Plaintiff alleges he made verbal complaints concerning these conditions but the Captain did nothing because "they don't give a care about our well-being." (*Id.*). Plaintiff does not allege he was denied cleaning supplies. Plaintiff alleges he was exposed to these conditions on "April 1, 2, 3, 4, 5, 2023" (*Id.* at 4).

Plaintiff proceeds against Defendants in their individual and official capacities. (*Id.* at 5). For his official capacity claim, Plaintiff alleges the conditions are "not suitable for living being[s]," and all staff members are "knowledgeable of the situation and refuse" to correct the situation. (*Id.*).

Plaintiff seeks compensatory, punitive, and "other" damages. (*Id.* at 9). He asks $2.5 million for "damages against his physical and mental health issues." (*Id.*). He also asks that Defendant Phillips be terminated from his position as Jail Administrator and permanently barred from working in law enforcement. (*Id.*).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff is a pretrial detainee and alleges he was placed in "dirty" living conditions for five days. In *Stearns v. Inmate Servs. Corp., et al.*, 957 F.3d 902 (8th Cir. 2020), the Eighth Circuit clarified that, despite some prior inconsistencies in its cases, the deliberate indifference standard of the Eighth Amendment did not apply to conditions of confinement cases brought by pretrial detainees. Instead, the Eighth Circuit held in *Stearns* that the claims of pretrial detainees must be analyzed under the Fourteenth Amendment as set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979). In *Bell*, the Court stated that "the proper inquiry is whether [the] conditions amount to punishment of the detainee." *Id.*, 441 U.S. at 535. The Eighth Circuit in *Stearns* stated:

> In *Bell v. Wolfish*, the Supreme Court articulated the standard governing pretrial detainees' claims related to conditions of confinement. The Court held that the government may detain defendants pretrial and "may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536-37. The Court articulated two ways to determine whether conditions rise to the level of punishment. A plaintiff could show that the conditions were intentionally punitive. *Id*. at 538. Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id*. at 538-39. If conditions are found to be arbitrary or

>excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id*. at 539.

*Stearns*, 957 F.3d at 907 (alterations in original) (citations to the Supreme Court Reporter omitted).[2]

Pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (internal quotation marks and citations omitted). "In considering whether the conditions of pretrial detention are unconstitutionally punitive, we review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

Here, Plaintiff alleges he was placed in "dirty" living conditions for five days. Such a short and isolated deprivation does not support a conditions of confinement claim. *See e.g., Stickley v. Byrd*, 703 F.3d 421, 424 (8th Cir. 2013) (no constitutional deprivation where pretrial detainee exhausted his weekly allotment of toilet paper each week before week's end); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (no constitutional violation where pretrial detainee was subjected to overflowed toilet for four days); *Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket and mattress for four days did not violate the Eighth Amendment); *Huggins v. Brassell*, No. 5:08-cv00216, 2009 WL 856869, *3 (E.D. Ark. March 27, 2009) ("If Plaintiffs were denied a change of clothes, clean underwear, socks, towels, and soap, such a denial, for the limited days described, does not amount

---

[2] Eighth Amendment cases involving convicted prisoners may provide guidance. "As a pretrial detainee, [Plaintiff] was entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment." *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013) (internal quotation marks and citations omitted).

to a constitutional violation"). Plaintiff has also not alleged that he asked for and was denied cleaning supplies to remedy his concerns about the cleanliness of the cells. *See Tokar v. Armentrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (although Plaintiff alleged filthy toilets, the court found it important to the Eighth Amendment analysis that he never asked for cleaning supplies). No plausible conditions of confinement claim has been stated.

## IV.  CONCLUSION

For these reasons, it is recommended that:

1.  The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2.  Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of June 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE